Curia, per Evans, J.
There are nine grounds- set out in the notice of appeal: but, as there must be a new trial on the second, it is thought unnecessary and improper to express an opinion on any of the others; and more especially, as they relate mostly to the facts of the case. The second ground is, that the court below erred in rejecting the testimony of Mrs. Dugan. — To understand this ground, it will be necessary to state some of the facts. James Dugan, by deed,'dated the 3d April, 1832, gave to Robert M’Daniel, Nathaniel Gist, Argulous Jeter and William Moore, a large estate, consisting of lands, negroes, stock and debts, to be equally divided amongst them — “ to them and their heirs forever,” — provided, nevertheless, that the above-named Robert, Nathaniel, Argulous and William pay all my just debts, and furnish myself and my beloved wife Frances, each, with two hundred dollars annually, to commence from this day.” — The property went into the possession of the donees, and James Dugan had been dead some years. The plaintiffs found, among James Dugan’s papers, an instrument of writing in these words. “ Received of James Dugan three negroes, say Judy, Harriet and Mary, for the special benefit of Park Dugan’s children; that is to say, Mary J. Dugan, Jane J. Dugan and Eliza M. Dugan, for the ave right to said property. Witness my hand and seal, this 9th January, 1830. (Signed) James Rodgers. Test, J. M. Smith. Price, Judy, #450; Harriet, #300 ; Mary, #200,= #950.”
After the death of James Dugan, the plaintiffs required of Rodgers a note for the price of the negroes, which he gave. This action was on the note, which Rodgers (who was the step-father of Park Dugan’s children, and their guardian) contended he ought not to pay, because the negroes were given by James Dugan to Park Dugan’s children. The main question, as I understand, was whether the negroes had been so given. To explain the transaction, and to prove there was no gift', Mrs. Dugan, the widow, of James Dugan, was offered as a witness. She. was objected to, and the objection sustained by the court, on the ground of interest. The estate of James Dugan, which was conveyed to the plaintiffs, was a large one, and it is admitted they are all men of wealth.— If James Dugan’s estate had been insolvent, and the annuity of *86 Mrs. Dugan was charged upon.,it, and she was likely to lose it, unless the note was recovered, then I could see some force in the objection. Can the decision of this case increase or diminish her annuity, or secure or jeopard the payment of it, according to the deed ? Are not the plaintiffs bound to pay, at all events, whether they recover or not ? The plaintiffs, by accepting the property, have become her debtors ; and has it ever been decided that a creditor is not a competent‘witness for Lis solvent debtor? I know of no such case. The only cases which favor any such idea, are cases brought by administrators of insolvent estates. In such cases, a creditor has been held incompetent, because the recovery would create a certain fund out of which his debt would be paid. The case of Craig v. Cundell, 1 Camp. 381, was an action of assumpsit by an administrator. The witness said he had. a demand against the estate, but no prospect of payment, as the estate was insolvent. Lord Ellenborough said, “ at present, the witness has no means of obtaining satisfaction. If the plaintiff succeeds, there will be a fund out of which he may be satisfied. He gives evidence to get money for himself, through the administrator, who may be considered his trustee.” Starkie says, (Part 4. 746,) “ where the interest is of a doubtful nature, it goes to the credit,rand not to the competency. A party has such a direct and immediate interest as will disqualify him, when the necessary legal consequence of the verdict will be to better his situation, by either securing an advantage or repelling a loss. He must be a gainer or loser by the event.” The same position is laid down by Buller, J., in Carter v. Pearce, 1 T. R. 164. I cannot see that Mrs. Dugan will be a gainer or loser by the event of this suit. It is barely possible that the loss of this fund will endanger the payment of her apnuity. The motion is therefore granted.
Dawkins, for the motion.
Herndon, contra.
O’Neall, Earle, Butler and Richardson, Justices, concurred.
Gantt, J., dissented.